## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY KAPHUSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV245 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HONG'S, INC., II, d/b/a China Buffet and HONG'S, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' motion for summary judgment (Filing No. 12); the plaintiff's motion for leave to withdraw admissions (Filing No. 15) and the defendants' motion to strike (Filing No. 20). The defendants filed a brief and evidence attached to the motion for summary judgment.[1] The plaintiff filed a brief (Filing No. 16) and an index of evidence[2] (Filing No. 17), both in support of her motion and in opposition to the defendants' motion. The defendants filed a brief (Filing No. 18) in response to the plaintiff's motion. The plaintiff filed a reply brief (Filing No. 19) in support of her motion. The defendant did not file a brief in support of the motion to strike and the plaintiff did not file any opposition to the motion.

## INTRODUCTION

This action arises from the employment of the plaintiff at a China Buffet restaurant. The plaintiff alleges that in 2003 the defendants became aware of the plaintiff's pregnancy and failed to schedule her for shifts, denied her work assignments and terminated her employment. **See** Filing No. 1 (Complaint). Based on these facts, the plaintiff alleges the defendants engaged in gender discrimination by taking adverse employment action against the plaintiff due to her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42

---

[1] Counsel are reminded any brief and index of evidence shall be filed separately from the motion. **See** NECivR 7.1 (a)(1) and (a)(2)(B).

[2] The plaintiff's original index of evidence, which was attached to the brief, contained illegible evidence and was re-filed.

U.S.C. § 2000e-5(f)(1) and (3) (2000), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The defendants move for summary judgment on three bases. First, the defendants state the plaintiff was an employee of Hong's, Inc. doing business as China Buffet at 737 North 114th Street, but was not an employee of Hong's, Inc. II. Therefore, no material fact is in dispute that the plaintiff was not discriminated against by Hong's, Inc. II and summary judgment should be granted in favor of Hong's Inc. II. Second, the defendants assert the plaintiff's claims have not been administratively exhausted because the plaintiff failed to obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Finally, the defendants argue there is no material fact in dispute about whether the plaintiff quit her employment or was unlawfully terminated because requests for admission served on the plaintiff are deemed admitted. The plaintiff denies summary judgment is appropriate and seeks relief from the admissions under Federal Rule of Civil Procedure 36(b).

## FACTUAL BACKGROUND

The plaintiff was employed as a server at the China Buffet restaurant located at 737 North 114th Street, Omaha, Nebraska. **See** Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 2. She began her employment on October 17, 2003.[3] **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 3. The plaintiff's duties included taking drink orders, issuing checks/bills to customers, and cleaning tables and the immediate floor area after customers finished dining. *Id.* The plaintiff worked five days a week, but not necessarily the same shifts each week. *Id.* ¶ 4; Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 4.

Beginning on November 6, 2003, the plaintiff missed a total of seven (7) days of nineteen (19) scheduled days of work. **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 5. Specifically, she missed November 6, 2003, November 13, 2003, November 16, 2003, November 18, 2003, November 28, 2003 and November 23, 2003. *Id.* The plaintiff offered no excuse for missing her shifts and did not tell Peggy Liu (Liu), the manager of China

---

[3] The affidavits and documents filed by the defendants all reference dates in 2002. Since the plaintiff's complaint and the affidavit filed by the plaintiff references dates in 2003, the court will use the 2003 dates for purposes of this Factual Background section.

Buffet, that she (the plaintiff) was pregnant. *Id.* ¶¶ 2, 5. The plaintiff worked as scheduled on November 25, 2003, but called in sick again on November 27, 2003 which was her next scheduled day of work. *Id.* ¶ 6. On November 27, 2003, the plaintiff called Liu by telephone and told Liu that she was ill because she was pregnant. *Id.* ¶ 7; Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 5. The parties dispute what was said during the telephone call.

Liu states the plaintiff said, "Peggy, I'm sick because I'm pregnant. I don't think I can work again." **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 7; **see also** Request for Admission No. 8, attachment 1 to Exhibit 3 of Filing No. 12. Further, Liu states the plaintiff confirmed that she was quitting because she was pregnant and would not be able to work again. **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 7. As a result of the telephone conversation and the plaintiff voluntarily quitting, Liu states she stopped scheduling the plaintiff for any shifts. *Id.* In contrast, the plaintiff states that on November 27, 2003, she informed Liu that she (the plaintiff) was ill due to her pregnancy and would not be able to work that day. **See** Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 5. The plaintiff states Liu told her that the restaurant would no longer need her services because she was pregnant and she would no longer be scheduled to work. *Id.*

China Buffet employed three other individuals who were pregnant at the same time as the plaintiff. **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 8. It is the policy of Hong's, Inc. and Hong's, Inc. II not to discriminate on the basis of pregnancy. *Id.* Exhibit 1 Zheng's Affidavit ¶ 4. Hong's, Inc. and Hong's, Inc. II are separate and distinct corporations. *Id.* ¶ 3. The defendants state the plaintiff worked for Hong's, Inc., which does business as China Buffet at 737 North 114th Street in Omaha, Nebraska. *Id.* ¶ 2. The defendants deny the plaintiff was an employee of Hong's Inc. II, which does business as China Buffet restaurant at 3605 North 147th Street. *Id.* ¶ 3. The plaintiff admits she worked in the restaurant located on 114th Street. **See** Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 2.

## ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party,

"there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." **See** Fed. R. Civ. P. 56(c); *McAllister v. Transamerica Occidental Life Ins. Co.*, 325 F.3d 997, 999 (8th Cir. 2003).   When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); **see also** *Johnson v. Crooks*, 326 F.3d 995 1007-08 (8th Cir. 2003).  "An issue of material fact is genuine if it has a real basis in the record." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (**citing** *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).  A court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carhahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (**quoting** *Anderson*, 477 U.S. at 248).

Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of his claim. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 762 (8th Cir. 1995).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657 (8th Cir. 1997) (**quoting** *Celotex*, 477 U.S. at 325 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")).  Under this court's local rules:

> The moving party shall set forth in the brief in support of the
> motion for summary judgment a separate statement of material
> facts as to which the moving party contends there is no

> genuine issue to be tried and that entitle the moving party to
> judgment as a matter of law.

**See** NECivR 56.1(a)(1).

In the face of a properly-supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" ***Prudential Ins. Co. v. Hinkel***, 121 F.3d 364, 366 (8th Cir. 1997) (**quoting** Fed. R. Civ. P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. **See** Fed. R. Civ. P. 56(e); ***Liberty Mut. Ins. Co. v. FAG Bearings Corp.***, 153 F.3d 919, 922 (8th Cir. 1998). A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson***, 477 U.S. at 248. Additionally, under this court's local rules:

> The party opposing a motion for summary judgment shall
> include in its brief a concise response to the moving party's
> statement of material facts. The response shall address each
> numbered paragraph in the movant's statement and, in the
> case of any disagreement, contain pinpoint references to
> affidavits, pleadings, discovery responses, deposition
> testimony (by page and line), or other materials upon which the
> opposing party relies. Properly referenced material facts in the
> movant's statement will be deemed admitted unless
> controverted by the opposing party's response.

**See** NECivR 56.1(b)(1).


**A.     Right to Sue Letter**

The defendants contend they are entitled to summary judgment because the plaintiff failed to obtain a right to sue letter from the EEOC. In the complaint, the plaintiff states, "More than thirty days prior to the institution of this lawsuit, Mary Kaphusman filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled." **See** Filing No. 1, ¶ 7. The plaintiff did not file the right to sue letter as an attachment to the complaint.

5

A plaintiff bringing a Title VII action in federal court must first have exhausted her administrative remedies by filing a timely charge of discrimination with the EEOC or NEOC and receiving a right to sue letter. ***Dorsey v. Pinnacle Automation Co.***, 278 F.3d 830, 838 (8th Cir. 2002); ***Faibisch v. Univ. of Minn.***, 304 F.3d 797, 803 (8th Cir. 2002). A charge of discrimination must be filed with the EEOC within 180 days of the occurrence of the last alleged act of unlawful employment practice, unless the 300-day time limit applies. 42 U.S.C. § 2000e-5(e). This is not a jurisdictional requirement, but it is an administrative requirement subject to the doctrines of estoppel, waiver, and equitable tolling. ***Zipes v. Trans World Airlines***, 455 U.S. 385, 393 (1982); ***Jennings v. Am. Postal Workers Union***, 672 F.2d 712, 714-15 (8th Cir. 1982).

The plaintiff states she received a right to sue letter. An un-dated right to sue letter is part of the record in this case. **See** Filing No. 17, Exhibit 4. While it appears the plaintiff received a right to sue letter, there is no evidence before the court about whether the plaintiff timely filed her action. A discrimination plaintiff has ninety days to bring suit under Title VII from the date of receiving a right to sue notice from the EEOC. 42 U.S.C. § 2000e-16(c); **see** 42 U.S.C. § 2000e-5(f)(1); ***Albright v. City of Philadelphia***, 399 F. Supp. 2d 575, 583 (E.D. Pa. 2005); ***Wagher v. Guy's Foods, Inc.***, 768 F. Supp. 321, 323-24 (D. Kan. 1991). Because the plaintiff has failed to show she has exhausted her administrative remedies, the defendants' motion for summary judgment should be granted. However, the plaintiff will have an opportunity to file an amended complaint to provide allegations about when she received the right to sue letter.[4] If the plaintiff fails to file an amended complaint, the plaintiff's claims may be dismissed.

## B.   Hong's, Inc. II

The defendants contend Hong's, Inc. II cannot be liable to the plaintiff because she was never employed by the corporation. The defendants provided evidence to show

---

[4] The court notes the complaint contains a different spelling of the plaintiff's name than contained in her affidavit and the complaint is not signed. **See** Fed. R. Civ. P. 11 ("Every pleading . . . shall be signed."); **see also** NECivR 11.1 ("An electronically filed pleading . . . shall be signed in the following manner 's/ [attorney name].'"). Both errors may also be corrected in an amended complaint.

Hong's, Inc. II does business as China Buffet restaurant located at 3605 North 147th Street. **See** Filing No. 12, Exhibit 1 Zheng's Affidavit ¶ 3. The plaintiff was employed at the China Buffet restaurant located at 737 North 114th Street, which the evidence shows to be operated by Hong's Inc. *Id.* ¶ 2; Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 2.

The plaintiff disputes whether the plaintiff worked for Hong's Inc. II and states she is unable to determine for which corporation she worked. The plaintiff filed documents showing the principle office address for both corporations is 737 North 114th Street. **See** Filing No. 17, Exhibit Nos. 1-2. Additionally, the plaintiff notes that in the affidavit of Liu she states, "She is the manager of **Hong's, Inc. II** d/b/a China Buffet ('China Buffet') **located at 737 North 114th Street**, Omaha, Nebraska." **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 2 (emphasis added). Liu is the person who allegedly terminated the plaintiff's employment.

Based on this seemingly inconsistent evidence, the court is unable to determine whether the plaintiff was employed by Hong's, Inc. II. Accordingly, summary judgment must be denied.

### C.      Request for Admissions

On September 9, 2005, the defendants served the plaintiff with requests for admission. **See** Filing No. 10 (certificate of service). The plaintiff did not file responses to the requests until October 28, 2005. **See** Filing No. 12, Exhibit 3 Silver Affidavit ¶ 3. However, the plaintiff did not seek leave of court to file the responses out of time or reach a stipulation with the defendants. *Id.* Request for Admission Nos. 1-7 seek admissions that the plaintiff failed to report to work as scheduled on November 6, 2002; November 13, 2002; November 16, 2002; November 18, 2002; November 20, 2002; November 23, 2002; and November 27, 2002. *Id.* attachment 1. Request for Admission No. 8 states,

> Admit that on November 27, 2002, Plaintiff called Peggy Liu, the supervisor of the China Buffet at 737 North 114th Street, Omaha, Nebraska and stated: "Peggy, I'm sick because I'm pregnant. I don't think I can work any more."

*Id.*

The plaintiff seeks withdrawal of the admissions pursuant to Federal Rule of Civil Procedure 36(b).  The plaintiff argues (1) the presentation of the merits is hindered by adherence to the admission and (2) the defendants will not be prejudiced by the withdrawal. The plaintiff states the defendants have known the plaintiff denied each of the admissions since October 28, 2005, even though the response was untimely.  The plaintiff contends that since the parties are at the early stages of discovery and the summary judgment motion is based solely on the technical admissions there is no prejudice to the defendants by a withdrawal.   Further, the plaintiff argues adjudication on the merits would be significantly hampered by the erroneous admissions because the admissions relate to the heart of the parties' dispute.

Federal Rule of Civil Procedure 36 allows a party to serve on another party a written request for admissions regarding any statement or fact relevant to the pending action.  Rule 36(a) further provides:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

The matters admitted are conclusively established unless the court grants leave to withdraw or amend the admissions.  **See** Rule 36(b).  The court may permit withdrawal, on motion of the a party, "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.*  The court may also consider "[t]he presence of improper conduct by the party moving to withdraw or amend an admission, and that party's lack of reasonable explanation for untimely discovery responses."  *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 361 (D. Neb. 2004).

The plaintiff gives no explanation for the delay in providing responses, but the lapse was only nineteen days.  The parties give materially different accounts of the telephone call which ended the employment of the plaintiff, as reflected in Request for Admission No. 8.

8

However, it does not appear the remaining requests are as hotly disputed. Although the plaintiff argues it is difficult to ascertain whether she missed work on the referenced dates since the events took place so long ago, it is still unclear whether the events took place in the year 2002 or 2003. Therefore, the accuracy of the requests for admission are suspect and may be misleading. Under the circumstances of this case and based on the importance to the case of the controverted fact in Request for Admission No. 8, to deem the requests admitted may "be anathema to the ascertainment of the truth." ***White Consol. Indus., Inc. v. Waterhouse***, 158 F.R.D. 429, 433 (D. Minn. 1994).

In addition, the defendants fail to establish prejudice, "which in this context means the difficulty a party may face in proving its case because of the sudden need to obtain evidence." ***Manatt v. Union Pac. R. Co.***, 122 F.3d 514, 517 (8th Cir. 1997). In fact, similar to the party in ***Manatt***, the defendants do not even allege prejudice and "[t]he necessity of having to convince the trier of fact of the truth of the matter erroneously admitted is not sufficient." ***Id.*** Importantly, the defendants filed their motion for summary judgment after the tardy responses were served. The defendants request attorney fees, if the admissions are withdrawn, with respect to having to respond to the motion to withdraw the admissions.

The court finds allowing withdrawal of the admissions will benefit a determination of the merits of this action and the defendants have failed to show withdrawal will prejudice them in their defense. The court concludes no award of fees is appropriate in this matter.

## D.    Pregnancy Discrimination Act

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).

As defined in the Pregnancy Discrimination Act

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, . . . as

> other persons not so affected but similar in their ability or
> inability to work, . . . .

42 U.S.C. § 2000e(k).

The defendants contend the plaintiff cannot maintain the action because she cannot satisfy the prima facie case requirements.  Specifically, the defendants state there is no material issue of fact in dispute about whether there was an adverse employment action because the plaintiff admitted that she voluntarily quit her employment.  The defendants set forth their analysis under the burden-shifting framework set out by the ***McDonnell Douglas*** line of cases:

> [T]he elements of a prima facie discrimination claim are:  1) the employee belonged to a protected class; 2) she was qualified to perform her job; 3) she suffered an adverse employment action; and 4) she was treated differently from similarly situated males.  The fourth element of a prima facie discrimination case also can be met if the employee provides some other evidence that would give rise to an inference of unlawful discrimination.  Once an employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions, and then shifts back to the employee to show that the employer's reason was pretextual.

***Turner v. Gonzales***, 421 F.3d 688, 695 (8th Cir. 2005) (internal citations and quotations omitted); **see *McDonnell Douglas Corp. v. Green***, 411 U.S. 792, 802 (1973).

However, in this case the plaintiff does offer some direct evidence of discriminatory intent to support her claim, so the court would not use the ***McDonnell Douglas*** framework.  Rather than rely on the burden shifting analysis to determine the employer's intent, "the individual can present direct evidence of discrimination, which is 'evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.'"  ***Lee v. Rheem Mfg. Co.***, 432 F.3d 849, 853 (8th Cir. 2005) (internal citations and quotations omitted); **see *Russell v. City of Kansas City, Missouri***, 414 F.3d 863, 866 (8th Cir. 2005).

Under either analysis, there exists a material issue of fact about whether an adverse employment action occurred.  The defendants provide evidence the plaintiff quit her

employment.  **See** Filing No. 12, Exhibit 2 Liu's Affidavit ¶ 7.  However the plaintiff denies she voluntarily quit her employment.  Additionally, the plaintiff provides evidence her manager said the restaurant no longer needed her services because she was pregnant.  **See** Filing No. 17, Exhibit 3 Plaintiff's Affidavit ¶ 5.  Under these circumstances, there clearly exists material issues of fact which preclude summary judgment.

### E.    Motion to Strike (Filing No. 20)

The defendants seek to have the plaintiff's "Reply Brief Supporting Motion to Withdraw," which is Filing No. 19, stricken from the record as contrary to the local rules.  **See** Filing No. 20.  The Civil Rules of the United States District Court for the District of Nebraska provide:

> **Replying to Opposing Briefs and Evidence.**  The moving party may file a reply brief and index of evidence no later than five (5) days after the nonmoving party files and serves the opposing brief.  The reply brief may not merely repeat the moving party's initial arguments, but must address factual or legal issues raised in the opposing brief.  No further briefs or evidence may be filed without the court's leave.

NECivR 7.1(c).

The defendants give no explanation or support for their assertion.  It does not appear any infraction of the rule occurred.  The plaintiff filed the brief as a reply in support of her "Motion for Leave to Withdraw Admission" (Filing No. 15), accordingly no leave of court was required.  The reply brief was filed on December 29, 2005, which is within five business days[5] of the defendants' filing a response brief on December 23, 2005.  **See** Filing No. 18.  Finally, to the extent the reply brief merely repeats the plaintiff's initial arguments,

---

[5]   Under Fed. R. Civ. P. 6(a), when the time period prescribed is less than eleven (11) days, intermediate weekend days and legal holidays are excluded.  Additionally, if the party is served with notice, other than by hand delivery, even if the notice is by electronic means, three (3) days are added to the period within which such party has to answer.  **See** Fed. R. Civ. P. 5(b)(2)(D) and 6(e).  Based on these rules, the court calculates the deadline for the plaintiff's reply brief was January 6, 2006.

if at all, the court will consider the weight of the brief rather than strike it from the record. For these reasons, the defendants' motion to strike is denied.[6]  Upon consideration,

**IT IS ORDERED:**

1.      The defendants' motion for summary judgment (Filing No. 12) is held in abeyance with respect to the plaintiff's failure to exhaust administrative remedies and denied in all other respects.

2.      The plaintiff shall have to **on or before March 24, 2006**, to file an amended complaint to include a signature, the correct spelling of the plaintiff's name and allegations showing exhaustion of administrative remedies.  If the plaintiff fails to file an amended complaint, the court will grant summary judgment for the defendants based on the plaintiff's failure to exhaust administrative remedies.

3.      The plaintiff's motion for leave to withdraw admissions (Filing No. 15) is granted.

4.      The defendants' motion to strike (Filing No. 20) is denied.

DATED this 15th day of March, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[6] An alternative reason for denying the defendants' motion, or deeming it abandoned, exists for failure to comply with the local rules regarding making a motion, stating the reason for the motion and filing an accompanying brief.  **See** NECivR 7.1(a).

12